**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| SHUFFLE MASTER, INC., | ) | 2:04-CV-0980-BES-PAL |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | |
| YEHIA AWADA and GAMING ENTERTAINMENT, INC., | ) ) ) | |
| Defendants. | ) ) | |

Presently before this Court is an Order (#153) of Magistrate Judge Peggy A. Leen, entered on September 28, 2007. Defendants filed their Objections to Magistrate's Order (#154) on October 9, 2007 and Plaintiff filed an Opposition to Defendants' Objections (#160) on November 2, 2007.

## I. BACKGROUND

This case arises out of a patent dispute between Shuffle Master, Inc. ("Shuffle Master") and Yehia Awada and Gaming Entertainment, Inc. (collectively "Defendants"). Shuffle Master is the owner of United States Patent Nos. 6,273,424 ("the '424 patent") and 6,698,759 ("the '759 patent"), which generally involve methods of playing casino wagering games. Defendants have developed and offered for sale a game called 3-5-7 Poker, which allegedly involves a method of playing a wagering game that infringes Plaintiff's '424 and '759 patents. Specifically, Shuffle Master alleges Defendants have infringed at least thirteen claims of the '424 patent and eight claims of the '759 patent. The parties dispute claim construction for ///

three terms found in the asserted claims of the '424 patent and three terms found in the asserted claims of the '759 patent.

A Markman hearing was held on November 21, 2005 before Magistrate Judge Leen to construe the claims at issue. Meanwhile, before a Markman Order was issued, Defendants filed a Motion for Summary Judgment (#136),[1] in which they seek to invalidate or render unenforceable claims 1, 2, 4, 8, and 21 of the '759 patent. Defendants' motion remains before the Court. On September 28, 2007, Magistrate Judge Leen filed an Order (#153) regarding the construction of the disputed terms and adopted Shuffle Master's proposed claim constructions. Defendants object to each of the Magistrate Judge's recommended claim constructions.

## II. ANALYSIS

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party makes a timely objection to the Magistrate Judge's recommendation, then this Court is required to "make a de novo determination of those portions of the specified findings or recommendations to which objections have been made." Id. De novo review means the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered. Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992). Thus, although the district court need not hold a de novo hearing, the court's obligation is to arrive at its own independent conclusion about those portions of the Magistrate Judge's findings or recommendation to which objections are made. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989). This standard is consistent with that which is applied in the review of claim constructions made pursuant to Markman. See Shuffle Master v. Vendingdata Corp., 2007 WL 674290, *1 (D. Nev. 2007) (citing PC Connector Solutions LLC v. Smartdisk Corp., 406 F.3d 1359, 1362 (2005) ("Claim construction is a question of law that we review without deference.")).

---

[1] Although Defendants' Motion for Summary Judgment was docketed as one document, the filing contains four separate summary judgment motions, which Shuffle Master responded to with four separate oppositions filed as document numbers 138, 139, 140, and 141.

2

Upon completion of its review of the Magistrate Judge's recommendation, the district court may issue its own findings and conclusions or adopt the findings and conclusions of the Magistrate Judge. 28 U.S.C. § 636(b)(1); LR IB 3-1. In the event that the latter course is chosen, the findings and conclusions of the Magistrate Judge are treated as those of the district court for the purposes of any appellate issue. PC Connector, Inc., 406 F.3d at 1362 n.2.

Here, Defendants raise objections with respect to each claim term that was construed by the Magistrate Judge. The Court, upon de novo review, overrules all objections filed by the Defendants because the Magistrate Judge's construction of the disputed terms is supported by principles of patent law and claim construction. Accordingly,

IT IS THEREFORE ORDERED that Defendants' Objections (#154) are overruled and the Magistrate Judge's Order (#153) is adopted and accepted without modification.

IT IS FURTHER ORDERED that the parties shall submit supplemental briefing that addresses the affect, if any, that this claim construction ruling has on Defendants' pending summary judgment motions (See #136) related to the '759 patent. Defendants' Supplemental Briefing on Summary Judgment is due no later than Friday, November 30, 2007. Plaintiff's Response is due no later than Friday, December 7, 2007. Defendants' Reply is due no later than December 14, 2007.

DATED: This 16TH day of November, 2007.

_____
UNITED STATES DISTRICT JUDGE